UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

RICHARD D. BUTCHER,

    Plaintiff,

v.

STEVE HANEY, ET AL.,

    Defendant.

Civil Action No. 5:20-227-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Richard D. Butcher is an inmate who was previously confined at the Fayette County Detention Center in Lexington, Kentucky and is now incarcerated at the Bourbon County Detention Center in Paris, Kentucky. Proceeding without a lawyer, Butcher filed a complaint with this Court. [Rs. 1, 1-1]. That complaint is now before the Court on initial screening pursuant to 28 U.S.C. § 1915A.

Butcher's initial pleading actually consists of two completed Court-approved complaint forms that contain largely the same factual allegations and legal claims. [*See* Rs. 1, 1-1]. While Butcher lists several different Fayette County Detention Center employees and the Fayette County Detention Center itself as defendants in this action, at bottom, he appears to be asserting two claims. First, Butcher alleges that one of the prison's officers overheard a conversation between Butcher and a nurse regarding Butcher's medical issues. As a result, Butcher suggests that one or more of the named defendants committed a "HIPAA violation"—that is, a violation of the Health Insurance Portability and Accountability Act of 1996. [*See* R. 1 at 2, 6; R. 1-1 at 4-5]. Second, Butcher alleges that a different officer opened and read his legal mail over his objection and claimed to be

doing so pursuant to some unspecified authority the officer received via e-mail. In light of these allegations, Butcher claims that the officer "violated my attorney-client privilege required by law." [*See* R. 1 at 5-6; R. 1-1 at 4-5]. Ultimately, Butcher is seeking $5 million in damages "for pain and suffering and mental suffering," and he says that he wants everyone mentioned in the lawsuit to be terminated or suspended from their employment. [*See* R. 1-1 at 5].

The Court has fully screened Butcher's submissions, but his claims are unavailing. With respect to Butcher's first claim, the United States Court of Appeals for the Sixth Circuit has made it clear that the Health Insurance Portability and Accountability Act of 1996 simply does not authorize a private cause of action. *See Faber v. Ciox Health, LLC*, No. 18-5896, 2019 WL 6596501, at *1 (6th Cir. Dec. 5, 2019). This Court has also recognized this point in the context of *pro se* prisoner litigation. *See Douglas v. Greenup County, Kentucky*, No. 0:19-cv-114-DCR, 2019 WL 6794185, at *2 n.1 (E.D. Ky. Dec. 12, 2019). Thus, Butcher's HIPAA claim is baseless, and, as a result, the Court will dismiss it with prejudice.

Moreover, as currently drafted, Butcher has failed to state a claim with respect to his allegations about his mail. As an initial matter, while Butcher invokes the attorney-client privilege, that privilege is an evidentiary principle and legal concept related to preventing the disclosure of communications made between privileged persons in confidence for the purpose of obtaining or providing legal assistance for a client. In other words, the attorney-client privilege is not a standalone legal claim that a *pro se* prisoner plaintiff can assert against a defendant prison official. Thus, Butcher's so-called attorney-client privilege "claim" does not get off the ground. As a result, the Court will dismiss that claim with prejudice as well.

That said, Butcher's complaint could be broadly construed as asserting a *constitutional* claim related to the alleged improper handling of his legal mail. *See Merriweather v. Zamora*, 569

F.3d 307, 317 (6th Cir. 2009) (discussing some of the constitutional issues at play when it comes to prison employees opening an inmate's mail); *Sallier v. Brooks*, 343 F.3d 868, 877 (6th Cir. 2003) (the same). However, as currently drafted, Butcher has failed to state such a claim. After all, it appears that Butcher is simply alleging that one of the defendants read his legal mail without his permission and claimed to be doing so pursuant to authority she received via e-mail. Butcher, however, has not alleged, at least in any clear way, that the defendant read his mail outside of his presence. Butcher has also neither described the precise nature of the mail at issue nor indicated whether he suffered any prejudice as a result of the defendant's alleged conduct—all potentially relevant facts. In short, Butcher has not yet put forth enough allegations to state a constitutional claim against any of the defendants in either their individual or official capacities. Thus, the Court will dismiss any such constitutional claim. That dismissal, however, will be without prejudice to Butcher's right to file a new action—using the Court's approved E.D. Ky. 520 Civil Rights Complaint Form—regarding his mail in which he describes his factual allegations in more detail and clarifies the basis for his legal claim.

Accordingly, it is **ORDERED** as follows:

1. Butcher's HIPAA-related claim is **DISMISSED** with prejudice.

2. Butcher's so-called attorney-client privilege claim is also **DISMISSED** with prejudice.

3. However, to the extent that Butcher intends to assert a *constitutional* claim related to the alleged improper handling of his legal mail, that claim is only **DISMISSED** without prejudice. This means that Butcher may file a new action regarding this claim. However, if Butcher does file a new action, he must once again use this Court's approved E.D. Ky. 520 Civil Rights Complaint Form. Moreover, in completing that

3

form, Butcher must describe his factual allegations in more detail and clarify the basis for his legal claim.

4. This action is **STRICKEN** from the Court's docket.

5. Any and all pending motions are **DENIED** as moot.

6. The Court will enter a corresponding Judgment.

Dated June 4, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY